2011 OK 67

**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**John M. MERRITT, Respondent.**

**SCBD No. 5755.**

Supreme Court of Oklahoma.

June 27, 2011.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of JOHN M. MERRITT pending disciplinary proceedings, this Court finds:

1. On June 17, 2011, Merritt submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Merritt's affidavit of resignation reflects that: a)it was freely and voluntarily rendered; b)he was not subject to coercion or duress; and c)he was fully aware of the consequences of submitting his resignation.

3. Merritt states he is aware of the disciplinary complaint pending against him in the case State of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION V. John M. Merritt, SCBD # 5755. The complaint of unprofessional conduct alleges that Merritt presented a bank with a fraudulent court order for the purpose of illegally obtaining funds being held for the benefit of a minor child. This fraudulent order approved the withdrawal of $130,000 from the account of a minor child represented by Merritt. It further alleges that he used these funds for his own purposes and changed the mailing address on bank statements to conceal his misappropriation of these funds. It is also alleged that Merritt offered the minor's guardian two post dated

checks totaling $200,000 as inducement to remain silent and not report the misappropriation of funds to law enforcement or the Oklahoma Bar Association.

4. Merritt is aware that the allegations set forth, if proven, would constitute violations of Rule 1.3 of the Rules Governing Disciplinary Procedures (RGDP), 5 O.S. 2001, App. 1–A and Rules 1.8(a), 1.15(a),(d), and (f), and 8.4(b), (c), and (d) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S. 2001, Ch. 1, App. 3–A and his oath as an attorney. He waives all right to contest the allegations. Furthermore, Merritt is aware that by order dated May 31, 2011, his license to practice law was suspended pending an opinion determining final disposition of the disciplinary complaint.

5. Merritt's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. ch. 1, app. 1–A (2001) and it should be approved.

6. Merritt acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Merritt acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Merritt agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. Merritt acknowledges that the OBA has incurred costs in the investigation of the disciplinary complaint and that the OBA may apply to the Court that these costs be reimbursed.

9. The official roster address of Merritt as shown by Bar Association records is: John M. Merritt, 917 N. Robinson, P.O. Box 1377, Oklahoma City, OK, 73102.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of John M. Merritt be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Merritt may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Merritt shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 27th day of June, 2011.

CONCUR: TAYLOR, C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ.

NOT PARTICIPATING: COLBERT, V.C.J.